IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Richard Bryan Freeman, | : | |
| Petitioner | : | Case No. 2:10-cv-00035 |
| v. | : | Judge Frost |
| Warden, Hocking Correctional Facility, | : | Magistrate Judge Abel |
| Respondent | : | |
| | : | |

## Report and Recommendation

Petitioner R. Bryan Freeman, a prisoner at the Hocking Correctional Facility, brings this action for writ of habeas corpus under 28 U.S.C. §2254.  This matter is before the Magistrate Judge for report and recommendation on respondent's April 6, 2010 motion to dismiss on the ground that the petition is barred by the statute of limitations (doc. 6).

On August 25, 2006, the Delaware County Grand Jury indicted Freeman for fifteen counts of breaking and entering in violation of Ohio Revised Code § 2911.13(A); four counts of receiving stolen property in violation of Ohio Revised Code § 2913.51(A); fifteen counts of theft in violation of Ohio Revised Code § 2913.02(A)(1); four counts of possession of criminal tools in violation of Ohio Revised Code § 2923.24(A); and one count of vandalism as in violation of Ohio Revised Code § 2909.05(B)(1)(a). (Doc. 6-1, pp. 1-18.)

On December 13, 2006, Freeman pled guilty to seven (7) counts of felony breaking and entering (Counts 10, 13, 15, 25, 29, 32 and 35); eight (8) counts of misdemeanor theft (Counts 11, 14, 16, 20, 22, 24, 28, 30); and one (1) count of misdemeanor receiving stolen property (Count 31). The parties jointly recommended a sentenced of seven years. The trial court sentenced Freeman to the agreed seven years in prison. (Doc. 6-1, pp. 19-44.)

Petitioner filed a timely notice of appeal.  On March 27, 2008, the Ohio Court of Appeals for the Fifth Appellate District issued a decision affirming the judgment of conviction.  (Doc. 6-2, pp. 24-35.) Petitioner did not file a motion for leave to appeal to the Supreme Court of Ohio.

On June 24, 2008, Freeman filed a motion for leave to reopen his direct appeal. (doc. 6-3, pp. 1-38.) On September 8, 2008, the Ohio Court of Appeals for the Fifth Appellate District issued a decision denying the motion.  (Doc. 6-4, pp. 21-25.) On October 22, 2008, Freeman file a notice of appeal from that decision. (Doc. 6-4, pp. 40-41.) On December 31, 2008, the Supreme Court of Ohio dismissed the appeal. (Doc. 6-4, pp. 104-05.)

Petitioner alleges that his conviction violated the United States Constitution because:

> GROUND NO. 1: The trial and appellate courts failed to remove/ substitute appellate counsel where appellate counsel and petitioner requested replacement.

> Supporting Facts: There were two appointed appellate counsels that would not review the record prior to the plea and sentencing, and the discovery/ bill of particulars (all police reports). Second counsel, Mr. Palmer, filed a motion to be replaced that clearly stated that he did not want to be appellate counsel and the trial court and the appellate court would not replace/substitute. The petitioner requested the Ohio Public Defender's office for direct appeal and they refused.
>
> GROUND NO. 2: Petitioner was not provided the effective assistance of appellate counsel.
>
> Supporting Facts: Appellee counsel failed to review the entire trial record and advance claims of ineffective assistance of trial counsel. Plea was forced from 11-month illness. Not all relative transcripts were ordered for appellate review. A motion to suppress was warranted but not filed. There was no venue for five separate offenses.
>
> GROUND NO. 3: The petitioner was not provided the effective assistance of appellate counsel where appellate counsel did not cite trial counsel as ineffective.
>
> Supporting Facts: Trial counsel did not file an affidavit of indigency with the trial court to foreclose the issue of fines, restitution and court costs. The petitioner was/is indigent for the purpose of imposing fines, restitution and court costs under the facts of the case. The legal argument was presented as a separate claim in the App.R. 26(B) application and to the Ohio Supreme Court.

(Doc. 2, pp. 6-9.)

The petition for writ of habeas corpus was placed in the prison mailing system on December 29, 2009.  Under the provisions of 28 U.S.C. §2244(d)(1), there is a one-year period of limitation for persons filing a federal petition for writ of habeas corpus.  The limitation period begins to run from the date the judgment became final by the con-

clusion of direct review.  28 U.S.C. §2244(d)(1)(A).[1]  Petitioner Freeman was convicted December 13, 2006.  He filed a direct appeal; and, when the Court of Appeals affirmed the judgment of conviction he did not file a motion for leave to appeal to the Supreme Court of Ohio.  His conviction became final forty-five days later on May 13, 2008, when his time to appeal to the Supreme Court of Ohio expired. See Rule II, Section 2 of the Rules of Practice of the Supreme Court of Ohio. He had one year from the date his conviction became final by conclusion of direct review to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1)(A).

The statute of limitations ran from May 13, 2008 until June 24, 2008 when Freeman filed his Ohio Appellate Rule 26(B) application to reopen his direct appeal, a period of 42 days. The filing on the Rule 26(B) application to reopen tolled the statute of limitations until December 31, 2008, when the Ohio Supreme Court dismissed the appeal. The statute started running again on January 1, 2009 and ran for 323 days before it expired on November 20, 2009.

Petitioner Freeman argues his Ohio Appellate Rule 26(B) application to reopen was part of his direct appeal. However, in *Lopez v. Wilson*, 426 F.3d 339, 346-48 (6th Cir.

---

[1] The limitation period begins to run at a later date if there is an impediment to the filing of the habeas corpus petition created by the state in violation of the constitution, the constitutional right is newly-recognized, or petitioner could not have discovered by the exercise of due diligence a factual predicate to the claim.  28 U.S.C. §2244(d)(1)(B), (C) and (D).  None of those situations apply here.
 Further, the limitation period is stayed during the time a properly filed Ohio petition for post-conviction relief or other collateral review with respect to the judgment or claim is pending.  28 U.S.C. §2244(d)(2).  Petitioner did not file a petition for post-conviction relief.

2005)(en banc), the United States Court of Appeals for the Sixth Circuit held that a Rule 26(B) motion is a collateral attack on a criminal conviction under 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled while the application is pending before the Ohio courts, but the statute of limitations clock does not re-start after the application to reopen is denied. It just begins to run again; and, as respondent argues, the one-year statute of limitations ran on November 20, 2009, some 39 days before Freeman filed his federal habeas corpus petition. Consequently, the petition is barred by 28 U.S.C. § 2244(d)(1).

Further, the petition fails to allege any extraordinary circumstances, beyond petitioner's control, that made it impossible to file a petition on time. See, *Calderon v. United States District Court*, 112 F.3d 386, 391-92 (9th Cir. 1997).

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District

Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge