IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD BRYAN FREEMAN,**

    Petitioner,                                  CASE NO. 2:10-CV-00035
                                               JUDGE GREGORY L. FROST
v.                                                MAGISTRATE JUDGE ABEL

**WARDEN, HOCKING CORRECTIONAL FACILITY,**

    Respondent.

## OPINION AND ORDER

On December 3, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Doc. 10. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. 12. Respondent has filed a response in opposition. Doc. 13. For the reasons that follow, Petitioner's objections (Doc. 12) are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as time-barred. Petitioner contends that this action is timely under 28 U.S.C. § 2244(d)(1)(B), because the State interfered with his ability to pursue relief by confiscating his legal materials and sending them to the American Civil Liberties Union during time period that he was pursuing his application to reopen his appeal under Ohio Appellate Rule 26(B) in the state courts. Petitioner contends that the seizure of his legal materials by prison officials constitutes extraordinary circumstances justifying equitable tolling of the statute of limitations – at least from March 27, 2008, until July 7, 2008 – during the time period that he alleges he lacked access to his legal material. *See Objections.*

In support of this claim, Petitioner has attached, *inter alia*, copies of complaints he filed with prison officials and complaint resolution documents; a copy of the policies of Ohio's Department of Rehabilitation and Correction; a copy of his April 10, 2008, letter to the American Civil Liberties Union; and correspondence he received in response his complaints. *See Exhibits to Objections*. Petitioner's arguments are not persuasive.

"[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir .2002). Equitable tolling should be used sparingly. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir.2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61. The Court may equitably toll the running of the statute of limitations where a petitioner "has actively pursued his judicial remedies by filing a defective pleading during the statutory period" or has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," but not where a petitioner has failed to exercise due diligence. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)*; Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, (1984)("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.") "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561.

In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement;

> (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Jurado v. Burt,* 337 F.3d 638, 643 (2003), citing *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

Here, there is no reason to conclude that Petitioner lacked notice or constructive knowledge of the one-year filing requirement in habeas corpus cases, nor would Petitioner have been reasonable in remaining ignorant of the statute of limitations in habeas corpus cases, which has been in effect since 1996. Lack of actual notice and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5 Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6 Cir.1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6 Cir.1991). Despite Petitioner's arguments to the contrary, the record fails to reflect he exercised diligence in pursing his claims. He waited almost one year, from December 31, 2008, when the Ohio Supreme Court dismissed his Rule 26(B) appeal, to December 29, 2009, to execute this habeas corpus petition. Thus, the record fails to reflect that any state created impediment prevented him from timely filing his habeas corpus petition under 28 U.S.C. 2244(d)(1)(B). Further, "[t]he alleged denial of access to legal materials is not an exceptional circumstance warranting equitable tolling." *Horton v. Warden*, No. 2:07-CV-525, 2008 WL 687136, at *3 (S.D. Ohio March 11, 2008)(quoting *Grayson v. Grayson*, 185 F.Supp.2d 747, 751 (E.D. Mich. 2002). *See also Rucker v. Bell,* 2008 WL 56025 (E.D.Tenn. Jan. 3, 2008), citing *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir.2000); *Scott v. Johnson,* 227 F.3d 260, 263 n. 3 (5th Cir.2005); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the

foregoing reasons and reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections (Doc. 12) are **OVERRULED**.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE